### SEEKAMP et v WARNER et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1323. Decided July 12, 1937

C. J. Mattern, Dayton, and R. A. Argabright, Dayton, for plaintiffs.

Herbert S. Duffy, Attorney General, Columbus, Eugene A. Mahl, Special Counsel for Attorney General, Dayton, and George Nicholas, Dayton, for Miami Savings & Loan Company, defendants.

### OPINION

By THE COURT

On January 27, 1937, plaintiff filed what is designated as an "AMENDED APPLICATION TO FIX FEES OF ATTORNEY FOR PLAINTIFF."

On February 24, 1937, the Superintendent of Building and Loan Associations of the State of Ohio, filed the following motion:

"Now comes the defendant, William H. Kroeger as Superintendent of Building and Loan Associations of the State of Ohio and moves the court to dismiss the amended application to fix fees of attorney for plaintiff for the reason that all questions to be submitted in this matter have been finally disposed of by the previous order and judgment of the Court of Appeals of the Fourth District and of the Court of Appeals of Montgomery County, Ohio, and that this court is without jurisdiction to entertain the amended application as filed."

On February 25, 1937, the defendant, The Miami Savings & Loan Company filed the following motion:

"Now comes the defendant, Miami Savings and Loan Company and moves the court as follows: (1) To dismiss the amended application filed herein to fix fees of attorney for plaintiff and to dismiss any and all other applications herein to fix fees. (2) To issue a special mandate to the Court of Common Pleas to carry into execution the judgment of the Supreme Court of Ohio filed herein on February 7, 1936 and the judgment of this Court of Appeals by decision rendered November 4, 1936."

On March 17, 1937, the plaintiff filed the following motion:

"Now comes the plaintiff herein and moves the court to dismiss the appeal in the above entitled cause for the reason that the Court of Appeals is without jurisdiction of the subject matter."

Briefs have been filed on all of the above questions by counsel representing all parties. We also had the advantage of oral arguments.

Plaintiffs' motion of March 17, 1937 raises the question that defendants' original appeal from the Common Pleas Court to this court was not filed within the time then prescribed under the existing law for taking appeals from final judgments of the Common Pleas Court and hence this court at no time had jurisdiction to hear the case. Prior to the filing of this motion the cause in this court had proceeded to a final disposition and plaintiff had undertaken to carry the case to the Supreme Court. The Supreme Court denied application to certify and also dismissed the proceedings filed in the Supreme Court under claim of right. The original hearing in this court was before the judges of the Court of Appeals of the Fourth District sitting by designation in this county. Their finding and judgment was predicated on the theory that the Court of Common Pleas had no jurisdiction in the original action for the reason that the building and loan association was in the hands of the Superintendent of building and Loans for liquidation and thereby had exclusive jurisdiction on all questions sought to be adjudicated under plaintiffs' original petition.

After plaintiffs' attempt to obtain a review in the Supreme Court had failed, counsel for plaintiff on February 25, 1936, filed in this court a motion to dismiss defendants' appeal for want of prosecution. Defendants in their answer to this motion contended that the cause was finally disposed of in this court and hence nothing remained upon which the motion to dismiss might operate.

Our court, in a written opinion, released November 4, 1936, sustained defendants' contention.

This opinion which is in the hands of counsel and copy with the file is pertinent to all questions now raised. This opinion contains a complete recital in chronological order of the various steps taken. It was our conclusion then that the order and judgment of the Court of Appeals of the Fourth District sitting in Dayton by designation finally disposed of all questions submitted. We adhere to that position in reference to all questions now raised. It is our determination that the cause having proceeded to a final hearing, may not be opened up through the motions presented. We overrule all motions on the ground that we have no jurisdiction to consider them.

Exceptions will be allowed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.